UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket

11/07/06

In re:

OWEN MERCON,
     Debtor.

Chapter 13 Case
# 05-10003

### ORDER
#### FIXING AMOUNT OF ATTORNEY'S FEES AWARD AND
#### DENYING MOTION FOR SANCTIONS

WHEREAS, on August 21, 2006, Debtor Owen Mercon filed a Motion to Enforce the Confirmation Order (doc. # 32) (the "Motion"), whereby he sought to compel EMC Mortgage ("EMC") to provide him with a detailed payment and activity history on his account from the date he filed his filing his bankruptcy petition (the "Petition Date") through the present; and

WHEREAS, on October 18, 2006, this Court issued an Order (doc. # 39) directing EMC to send the Debtor detailed mortgage statements each month, as well as a breakdown of all escrow payments made on his behalf by EMC, from the Petition Date through the present, and going forward; and

WHEREAS the October 18, 2006 Order directed EMC to pay the Debtor's reasonable costs and fees associated with the filing of the Motion, and directed Debtor's counsel to file both itemized timesheets showing the amount of attorneys fees and costs she sought, and a memorandum of law to demonstrate a legal basis for the Debtor's request for punitive damages; and

WHEREAS Debtor's counsel filed an affidavit (doc. # 38) detailing the basis for attorney's fees in the amount of $480.00, and a memorandum of law (doc. # 40) in support of sanctions against EMC based upon EMC's failure to provide the Debtor with account information in the timeframe, form and manner required by the Confirmation Order; and

WHEREAS EMC submitted a memorandum of law in opposition to the Motion and the granting of any monetary award against EMC (doc. # 42);

AFTER DUE CONSIDERATION of the Motion; the affidavit detailing fees and costs associated with that motion; the arguments offered at the hearing on October 13, 2006 regarding the award of attorney's fees and sanctions; and the memoranda in support of and in opposition to sanctions,

THE COURT FINDS that (a) the Debtor has not met his burden of proof for the award of sanctions, either for punitive or deterrent purposes, under Fed. Rules Bankr. Proc. Rule 9011; (b) EMC has not demonstrated grounds for the Court to reconsider the award of attorney's fees and costs granted in the October 18, 2006 Order; and (c) the Debtor has justified an award of attorney's fees in the amount of $480.00 to be reasonable, and warranted under 28 U.S.C. § 1927.

Accordingly, IT IS HEREBY ORDERED that

1. the Debtor's motion for sanctions is denied;

2. EMC shall pay $480.00 in attorney's fees and costs to the Debtor's attorney within ten days of entry of this Order; and

3. EMC shall provide the Debtor with post-petition statements and account information in the timeframes, form and manner as required by prior orders in this case and Standing Order #06-09.

**SO ORDERED.**

_____

November 7, 2006                                         Colleen A. Brown
Rutland, Vermont                                          United States Bankruptcy Judge

2